# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH EMMANUEL BRYANT | : | |
| | : | |
| v. | : | Criminal No. CCB-95-0202 |
| | : | |
| UNITED STATES OF AMERICA | : | |

## MEMORANDUM

Now pending before the court is Keith Bryant's motion for post-conviction DNA testing pursuant to the Justice For All Act of 2004 and 18 U.S.C. § 3600. For the reasons stated below, the applicant's motion will be denied.

## BACKGROUND

Following a thirteen day jury trial, Mr. Bryant was convicted of conspiracy, three counts of aiding and abetting a bank robbery, and three counts of using a firearm during the commission of a violent crime. He was sentenced to 97 months for the robbery and conspiracy counts, and to consecutive terms totaling 45 years on the firearm violations.[1] The Fourth Circuit affirmed his conviction and sentence on December 13, 1999. *See United States v. Scott*, 202 F.3d 261 (4th Cir. 1999) (unpublished table decision). Mr. Bryant then filed a 28 U.S.C. § 2255 motion to vacate on April 17, 2001, which this court denied. *See Bryant v. United States*, No. 01-1161 (D. Md. July 31, 2002). On November 21, 2008, Mr. Bryant filed a motion for DNA testing, which this court construed as a motion to vacate under 28 U.S.C. § 2255. The court dismissed the motion without prejudice as a second or successive petition over which the court lacked jurisdiction. *See Bryant v. United States*, No. 09-2213 (D. Md. Sept. 24, 2009).

On October 16, 2009, Mr. Bryant filed a motion to amend his request for DNA testing,

---

[1] The case involved armed bank robberies on September 21, 1993 and June 8, 1994, and an attempted armed bank robbery on June 6, 1994.

1

clarifying that he was seeking relief under 18 U.S.C. § 3600. Mr. Bryant specifically requests DNA testing of several items introduced against Mr. Bryant at trial, including a ski mask, latex gloves, two semi-automatic handguns, a knapsack, and a duffle bag. The government has opposed the motion.

## ANALYSIS

*A.     Timeliness*

Pursuant to 18 U.S.C. § 3600, an individual (referred to as the "applicant") serving a sentence of imprisonment for a federal offense may make a written motion for the court to order DNA testing of specific evidence. *See* 18 U.S.C. § 3600(a). There is a rebuttable presumption of timeliness if an applicant's motion for DNA testing is made within 60 months of the enactment of the Justice For All Act of 2004 or within 36 months of conviction. *See* 18 U.S.C. § 3600(a)(10)(A). The presumption of timeliness may be rebutted upon a showing by clear and convincing evidence that the applicant's motion was filed solely to cause delay or to harass. *See* 18 U.S.C. § 3600(a)(10)(A)(i)-(ii).

Mr. Bryant's motion for DNA testing is presumptively timely because it was filed within 60 months of the enactment of the Justice For All Act. The Justice For All Act was enacted on October 30, 2004,[2] and Mr. Bryant filed his initial motion for DNA testing on November 21, 2008. The government contends that Mr. Bryant's motion should nonetheless be considered untimely because it was filed solely to cause delay. (*See* Government's Opp'n at 15). The government asserts that if DNA evidence were truly an integral part of Mr. Bryant's defense, then he would have filed a motion requesting such testing at some earlier point in his direct

---

[2] *See* Pub. L. No. 108-405, 118 Stat. 2260 (codified in scattered sections of 18 U.S.C. and 42 U.S.C.).

appeal or habeas petition. (*Id.* at 15-16).

Mr. Bryant's failure to request DNA testing prior to November 2008 does not constitute clear and convincing evidence that his motion was filed solely to cause delay. The technology to conduct the DNA testing Mr. Bryant now requests was not available during his trial or his direct appeal. Moreover, the Justice For All Act under which Mr. Bryant is now seeking DNA testing was not passed until 2004, two years after his 28 U.S.C. § 2255 petition was denied. Thus, the mere delay in bringing this motion does not constitute clear and convincing evidence that Mr. Bryant's sole purpose is to cause further delay. There also is no reason to believe that Mr. Bryant would benefit from further delay in this case. He is not attempting to postpone a death sentence. Rather, Mr. Bryant seeks to cut short his lengthy prison sentence. Mr. Bryant would have no reason to delay this process. Accordingly, Mr. Bryant's motion is presumptively timely under 18 U.S.C. § 3600.

### B. *Reasonable Probability of Innocence*

Under 18 U.S.C. § 3600(8), a court must order DNA testing if the court finds that the proposed DNA testing may produce new evidence raising a reasonable probability that the applicant did not commit the offense. *See* 18 U.S.C. § 3600(8)(A)-(B). Here, Mr. Bryant has maintained since trial that he is innocent of all charges against him, and that the testimony of Jonathan Jones, a co-conspirator, was fabricated. He contends that DNA testing of the ski mask, latex gloves, two semi-automatic handguns, a knapsack, and a duffle bag introduced at trial will show both that he is innocent and that Mr. Jones fabricated his testimony.

Whether the introduction of DNA evidence would raise a reasonable probability that Mr. Bryant is innocent must be viewed in light of all of the evidence the government used to convict

him. At trial, the government introduced evidence seized at Mr. Bryant's residence, including radios, cell phones, and walkie-talkies with ear pieces that were alleged to have been used to carry out the robberies; as well as surveillance camera video from the September 21, 1993 robbery capturing Mr. Bryant's image, padlocks from the storage locker leased in Mr. Bryant's name where the stolen money was kept, camouflage gloves, and a book entitled *Terror and the Urban Guerilla*, which described techniques for robbing banks. The government supported this physical evidence with corroborating testimony from Mr. Jones. Assuming the outcome of the DNA test was favorable to Mr. Bryant, the introduction of this evidence would not be sufficient to raise a reasonable probability that Mr. Bryant is innocent. There is no requirement that a defendant be linked to specific items of evidence by a positive DNA test. The absence of Mr. Bryant's DNA on the items he specifies would not negate Mr. Jones's testimony that Mr. Bryant was the fourth member of their conspiracy to commit bank robbery. Even if it did, however, the introduction of DNA evidence would do nothing to cast doubt upon the physical evidence found in Mr. Bryant's home. Thus, the DNA evidence would not raise a reasonable probability that Mr. Bryant did not participate in the robberies.

## **Conclusion**

For the foregoing reasons, the applicant's motion for post-conviction DNA testing will be denied. A separate Order follows.

December 15, 2010  /s/
Date  Catherine C. Blake
 United States District Judge

4